NATHANIEL G. CARPENTER *vs.* THE PHŒNIX ELECTRIC LIGHT AND COAL COMPANY *et al.*

PROVIDENCE—JANUARY 13, 1899.

PRESENT: Matteson, C. J., Stiness and Douglas, JJ.

(1) *Garnishment. Payment of Respondent's Debt by Garnishee. Satisfaction of Garnishee's Debt to Respondent. Injunction.*

Under trustee process by A. against B., C. was charged as garnishee and paid over the amount to the officer having execution in that case. B. ob-

tained judgment in a suit by it against C. (by reason of the latter's neglect to bring the garnishment proceedings to the attention of the court) and caused his property to be advertised for sale under the execution issued on such judgment.   On a bill to enjoin the sale:—

*Held,* that the neglect of C. was not such as to have injured the respondent.

*Held,* further, that payment of respondent's debt by C., as such garnishee, amounted to a satisfaction, *pro tanto,* of B.'s judgment against C., and was a sufficient ground for the bill.

BILL IN EQUITY to restrain a sale of complainant's property under execution obtained by respondent against him, the indebtedness of complainant having been reached by, and paid by him, under trustee process in a suit by respondent's creditor against it.   Heard on demurrer to the bill.

(1)   PER CURIAM.   The court is of opinion that the demurrer should be overruled.   While the bill shows that the complainant was negligent in not bringing to the attention of the court rendering the judgment, on which the execution is sought to be enjoined, the fact of the attachment of the fund in his hands, it was not a negligence injurious to the respondent.   The equity of the bill appears in the payment of the respondent's debt by the complainant, on execution against him as garnishee, and the receipt by the respondent of a part of the money so paid.   These allegations, if proved, would amount to a satisfaction of the respondent's judgment against the complainant, in whole or in part, and hence are sufficient ground for relief.

*Charles J. Arms,* for complainant.

*Samuel W. K. Allen,* for respondents.